UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
SHIRLEY R. GOFF and           :  Civ. No. 3:15CV00722(SALM)
GREGORY S. GIBSON             :
                              :
v.                            :
                              :
JOSHUA CHIVERS                :  July 7, 2017
                              :
------------------------------x

**RULING ON MOTION FOR AWARD OF ATTORNEYS' FEES [Doc. #73]**

Pending before the Court is a motion by plaintiff Gregory S. Gibson ("plaintiff") for an award of attorneys' fees, pursuant to section 1988 of Title 42 of the United States Code.[1] [Doc. #73]. In support of the motion, plaintiff's counsel submits two affidavits, seeking a total of $11,037.50 in fees. See Doc. #73. Defendant Joshua Chivers ("defendant") has filed no opposition to the motion. For the reasons set forth below, plaintiff's Motion for Award of Attorneys' Fees is **GRANTED**, absent objection.

A.  **Legal Standard**

Pursuant to 42 U.S.C. §1988, "in actions brought to enforce Section 1983, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable

---

[1] While plaintiff's motion uses the plural "plaintiffs," the Court presumes that the application for an award of attorneys' fees is on behalf of plaintiff Gibson, only, as plaintiff Shirley R. Goff is not a "prevailing party" for the purposes of section 1988. See 42 U.S.C. §1988(b).

~ 1 ~

attorney's fee as part of the costs." Restivo v. Hessemann, 846 F.3d 547, 589 (2d Cir. 2017) (quotation marks and citation omitted).

> For a plaintiff to be considered a "prevailing party," and thus eligible for an award of fees, he need not have succeeded on the central issue in the case, and need not have obtained the primary relief sought. It is sufficient that the plaintiff succeeded on any significant issue in the litigation, regardless of the magnitude of the relief obtained, if he received actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) (internal quotation marks and citations omitted).

"The district court retains discretion to determine what constitutes a reasonable fee." Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quotation marks and citation omitted). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." Id. Both the Second Circuit and the Supreme Court of the United States have held "that the lodestar method yields a fee that is presumptively sufficient to achieve the objective of Section 1988(b)." Restivo, 846 F.3d at 589 (quotation marks and citations omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted).

The Court has already determined that "[p]laintiff Gibson is a prevailing plaintiff for the purposes of 42 U.S.C. §1988, and is therefore entitled to collect the reasonable attorney's fees and costs associated with the litigation of plaintiff Gibson's claim of false arrest." Memorandum of Decision, Doc. #70 at 45-6. Two attorneys appeared on this matter on plaintiff's behalf, and each has submitted an affidavit in support of the application for an award of fees. The Court will therefore address the question of the reasonableness of the fees requested.

B.  **Hourly Rate**

The Court turns first to Attorney Joseph M. Merly's application. Plaintiff Gibson seeks fees in the amount of $7,087.50 for work performed by Attorney Merly, based on an hourly rate of $350. "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue v.

Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010) (quotation marks omitted). "[R]easonable fees under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Tsombanidis v. City of W. Haven, Connecticut, 208 F. Supp. 2d 263, 272 (D. Conn. 2002), aff'd sub nom. Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003). "Reasonable hourly rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Parris v. Pappas, 844 F. Supp. 2d 262, 266 (D. Conn. 2012) (quotation marks and citation omitted). To determine whether a fee is reasonable, a court may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." Farbotko v. Clinton Cty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005) (collecting cases).

Attorney Merly attended the University of Bridgeport School of Law. See Doc. #73 at 3. He was admitted to the Connecticut bar in 1992, and has been practicing law ever since. See id. He has been associated with Attorney John R. Williams since July 2004. See id. He has tried approximately ninety cases to verdict in the District of Connecticut; at least fifty of which involved allegations of "police misconduct." Id. Attorney Merly states that he has personal knowledge of the hourly rates charged by

attorneys in this District with comparable experience in this field; these rates, he affirms, vary from $250 to $450 an hour. See id. at 4.

Absent objection, the Court determines that the hourly rate of $350 for Attorney Merly is reasonable, in light of his experience; the nature of the work performed; the rates awarded in prior cases; and the rates charged by attorneys in this District with commensurate experience. See, e.g., Donato v. Laird, No. 3:14CV00091(JAM), 2017 WL 2616921, at *1 (D. Conn. June 16, 2017) (finding an hourly rate of $350 for Attorney Merly to be reasonable); Crawford v. City of New London, No. 3:11CV1371(JBA), 2015 WL 1125491, at *3 (D. Conn. Mar. 12, 2015) (awarding fees at the rate of $410 an hour for two attorneys with over thirty years' experience each in civil rights litigation); Watrous v. Borner, 995 F. Supp. 2d 84, 89 (D. Conn. 2014) (stating that even an attorney "who is not a longstanding expert in civil rights litigation could reasonably bill" $350 per hour).

The Court next turns to Attorney John R. Williams' fee application. Plaintiff Gibson seeks fees for Attorney Williams' work in the amount of $3,950.00, based on a $500 hourly rate. See Doc. #73 at 6. Attorney Williams has been practicing law for more than 49 years, and has "tried countless Section 1983 cases to verdict." Id. He asserts that he lectures throughout the

country on Section 1983 litigation and has written several law review articles on the topic. See id.

Absent objection, the Court finds the rate of $500 per hour charged by Attorney Williams to be reasonable, in light of his extensive experience and expertise in the area of section 1983 civil rights law. Moreover, other courts in this District have found that Attorney Williams' hourly rate of $500 is reasonable. See Rinaldi, 2017 WL 2616921 at *2 (finding Attorney Williams' hourly rate of $500 reasonable, over objection); Muhammed v. Martoccio, No. 3:06CV1137(WWE), 2010 WL 3718560, at *4 (D. Conn. Sept. 13, 2010) (finding Attorney Williams' hourly rate of $500 reasonable, absent objection); but see Vereen v. Siegler, No. 3:07CV1898(HBF), 2011 WL 2457534, at *3 (D. Conn. June 16, 2011) (reducing Attorney Williams' billing rate to $400 per hour in 2011).

## C. **Hours Requested**

Having determined the reasonableness of the rates requested, the Court next turns to the reasonableness of the hours billed in connection with this litigation. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. A plaintiff's motion for attorney's fees must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours

expended, and the nature of the work done." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (quotation marks and citation omitted). "The district court ... should exclude from [its] fee calculation hours that were not reasonably expended." Hensley, 461 U.S. at 434 (quotation marks and citation omitted). "In dealing with items that are excessive, redundant, or otherwise unnecessary, the district court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Hines v. City of Albany, 613 F. App'x 52, 54–55 (2d Cir. 2015) (quotation marks and citation omitted).

Attorney Merly seeks $7,087.50 in fees, representing 20.25 hours of time billed. Attorney Merly billed only for hours spent on trial preparation, trial, and post-trial briefing, from June 21, 2016, through February 27, 2017. Upon careful review, the Court finds that the hours billed by Attorney Merly are reasonable, particularly in light of the fact that this case was litigated through trial and the Court requested post-trial briefing. Indeed, in addition to preparing the Proposed Findings of Fact and Conclusions of Law, Attorney Merly prepared two direct examinations and two cross-examinations, and submitted a post-trial brief. Moreover, the Court notes that Attorney Merly did not bill for every minute he expended on this case, as there is no entry for time spent on a telephonic status conference in

which Attorney Merly participated on November 4, 2016. Accordingly, the Court awards plaintiff Gibson $7,087.50 in fees for the work performed by Attorney Merly.

Attorney Williams seeks $3,950.00 in fees, representing 7.9 hours of time. See id. at 7. Attorney Williams has only billed for time spent on the matter from May 13, 2015, through August 28, 2016. The time entries are not excessive; the most time Attorney Williams spent on any one task was three hours, and the great majority of the entries reflect less than an hour of time. Accordingly, the Court finds time claimed by Attorney Williams is reasonable, and awards plaintiff Gibson $3,950.00 in fees for the work performed by Attorney Williams.

**D.    Conclusion**

Accordingly, for the reasons set forth above, and absent objection from defendant, plaintiff's Motion for Award of Attorneys' Fees [Doc. #73] is **GRANTED**. Attorneys' fees are awarded in the amount of **$11,037.50.**

SO ORDERED at New Haven, Connecticut, this 7th day of July, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE